[Civ. No. 5149.   Fourth Dist.   June 14, 1956.]

HERBERT L. ATKINSON, Appellant, v. GLENN R. WILCKEN, Respondent.

F. W. Powell for Appellant.

Yale, Wilson, Summers & Yale for Respondent.

GRIFFIN, J.—Plaintiff and appellant commenced this action for usury.  The pretrial conference resulted in a stipulation that plaintiff, on February 18, 1952, entered into certain negotiations with defendant and respondent culminating in the delivery by defendant to plaintiff of the sum of $4,000, and the execution by plaintiff of a promissory note in the sum of $6,000, payable to defendant at $80 per month, including 6 per cent interest.  It was secured by a third trust deed on plaintiff's five-unit court property.  Eleven monthly payments of $80 each were made on the note.  On February 6, 1953, plaintiff paid defendant $4,600.  It is plaintiff's contention that this constituted a usurious transaction and accordingly sought treble interest as provided by statute.  It is also argued that evidence of any oral agreement pertaining to the transaction was not admissible, relying principally upon *Martin* v. *Ajax Const. Co.,* 124 Cal.App.2d 425 [269 P.2d 132]; *Thomas* v. *Hunt Mfg. Corp.,* 42 Cal.2d 734 [269 P.2d 12]; *Brown* v. *Cardoza,* 67 Cal.App.2d 187 [153 P.2d 767]; and *Moore* v. *Dealy,* 117 Cal.App.2d 89 [254 P.2d 888].  It

is defendant's claim that the relationship of the parties was that of joint venturers and accordingly the transaction was not usurious.

Plaintiff, who had had some experience as a real estate salesman, owned dwelling units which were subject to a first and second trust deed totaling $9,000. The second trust deed had a "balloon" payment of $4,000 past due and was in the process of foreclosure. Defendant, who had had some real estate experience, was going with plaintiff's daughter. Plaintiff told defendant of his financial distress and wanted defendant to buy the property. He said he was not interested but would help plaintiff save the property and together they would endeavor to sell it.

It appears that plaintiff owned some property in the east and had expected to sell it in time to meet the balloon payment. Defendant borrowed $4,000 from his mother and prepared the necessary papers, which included a promissory note for $6,000, a third trust deed in that amount, and a grant deed of the property to him.

The testimony as to the oral agreement claimed to exist between them in respect to the transaction is in sharp conflict. Plaintiff merely contends that it was a loan of $4,000, for which defendant exacted a promissory note for $6,000. Defendant testified that to avoid the foreclosure proceedings he agreed with plaintiff that he would borrow enough money to meet the balloon payment; that plaintiff would give his note for $6,000 and a third trust deed conditioned that they would be coowners and both share equally in the net profits from the sale of the property, and that the $4,000 would be returned to him; that in case the sale was not effected he could discount the $6,000 trust deed and repay his mother for the amount loaned. He further testified that plaintiff placed title to the property in his name because the two of them had advertised and shown the property on several occasions and since plaintiff was going East in an endeavor to dispose of his Eastern property it would be more convenient in case of an actual sale of the five units.

Defendant did write, or assisted in writing and publishing the advertisements and did show the property on several occasions, performed some termite prevention work and made other arrangements pertaining to repairs.

Apparently no sale was effected at the price agreed upon. Thereafter, some offers were received and rejected. Defendant's romance with the daughter was terminated. Defendant

claims he received an offer of $17,500 for the property and communicated this fact to plaintiff's daughter. In December, 1952, defendant discovered that plaintiff had negotiated for a sale of the property for $23,500, and he received a request from the title company to submit his demand for his interest in the property. He said he calculated the prospective one-half profit he would have made on the $17,500 had plaintiff accepted the offer and submitted a demand for $4,600 cash. He then testified that plaintiff called him on the telephone and asked a reduction of $200 on that figure because the profit on the impending sale was mostly on paper. Defendant declined and on January 30, 1953, plaintiff approved defendant's demand at the escrow company and payment was accordingly made. The $6,000 note was cancelled and defendant reconveyed the third trust deed and the title to the property was placed back in the plaintiff. On July 13, 1953, plaintiff commenced this action. The trial court found in accordance with defendant's claim and further found that it was intended by the transaction that both plaintiff and defendant were to become equal coowners of the property and that they agreed that they would attempt to sell such property and divide whatever profit might be derived therefrom, as related by defendant; that the $80 paid on the trust deed for 11 months, pending the sale, was one-half of the net rental returns and that the transaction was one of joint venture and not that of creditor-debtor relationship. While plaintiff's evidence might well support a contrary finding, the evidence, when considered as a whole, does support the court's finding. (*Martter* v. *Byers,* 75 Cal.App.2d 375 [171 P.2d 101]; *Hersum* v. *Latham,* 120 Cal.App.2d 325 [260 P.2d 988].)

It was held in *Ambrose* v. *Alioto,* 65 Cal.App.2d 362, 366 [150 P.2d 502], as it must be held here, that the giving of the note and third trust deed was but an incidental part of the entire transaction.

In *Martin* v. *Ajax Const. Co., supra,* relied upon by plaintiff, the evidence of a joint adventure was held insufficient to establish that claim. In the other authorities relied upon by him it appears that the transaction was but a subterfuge to evade the usury law. The testimony in reference to the oral agreement of joint adventure was admissible. (*Lindsey* v. *Campbell,* 132 Cal.App.2d 746 [282 P.2d 948]; *Knoll* v. *Schleussner,* 112 Cal.App.2d 876 [247 P.2d 370].)

Judgment affirmed.

Barnard, P. J., and Mussell, J., concurred.